OCEAN VIEW LAND COMPANY, PLAINTIFF IN ERROR, v. WEST JERSEY TITLE GUARANTY COMPANY, DEFENDANT IN ERROR.

Argued November 23, 1904—Decided May 3, 1905.

A condition in a policy of title insurance that "no claim shall arise under the policy unless the party insured has been actually evicted under an adverse title insured against" is not fulfilled so as to give a right of action by the insured, by an adjudication on appeal that an order and decree of an Orphans' Court confirming the terms of a sale made by an administrator *de bonis non cum testamento annexo* of the lands in question and authorizing a deed therefor, to the plaintiffs, should be annulled, reversed, and for nothing holden.

On error to the Supreme Court.

For the plaintiff in error, *George A. Bourgeois* and *Eli H. Chandler*.

For the defendant in error, *Louis Starr*.

The opinion of the court was delivered by

GARRETSON, J.   This writ of error brings up a judgment of nonsuit directed by the trial judge at the Circuit.   Suit was brought upon a policy of insurance dated May 12th, 1900, whereby the defendant contracted to indemnify, keep harmless and insure the plaintiff against all loss or damage not exceeding $6,000, which the plaintiff should sustain by reason

of defects in or unmarketability of the title of the plaintiff to the estate or interest as owner in fee-simple to certain lands therein described, because of liens or encumbrances charging the same at the date of said policy of insurance, saving estates, defects, objections, · liens or encumbrances excepted in a schedule or by the conditions of the policy thereto annexed, which were incorporated in and made part of the contract.

The history of the title of the premises in question is as follows: In 1854 commissioners in partition conveyed to one Charles Harlin in fee certain tracts of land, including the lands the title of which was insured. In 1887 Mary Roberts made a deed of these lands to William S. Devine, administrator *de bonis non cum testamento annexo* of the estate. of William Fennell, deceased. This deed recites that Mary Roberts was the sole executrix and devisee under the last will of Charles Harlin, deceased; that in 1854 there was granted and conveyed to said Charles Harlin two tracts of land in Atlantic county; that said Charles Harlin purchased said tracts of land for himself, William Parker Newlin and William Fennell; that they all died, and that no conveyance had been made to Newlin and Fennell, or their heirs, executors, administrators or assigns of their respective interests or shares in said tracts of land; that Mary Roberts was desirous of granting and conveying unto Devine, administrator, &c., his successors in trust, and assigns, the premises thereinafter described, which by agreement by and between the legal representatives of the several estates of 'Harlin, Newlin and Fennell, all deceased, was drawn by lot as the share or interest of Fennell; that Charles Harlin left a last will and testament whereby he devised to Mary Roberts all his property, and appointed her his sole executrix, and then grants, bargains and sells, releases and confirms unto the said Devine, administrator, &c., his heirs, successors in trust and assigns the premises in question, with an *habendum* unto the said Devine, administrator, &c., his heirs, successors in trust and assigns, to and for the only proper use and behoof of the said Devine, administrator, &c., his heirs, successors in trust, and assigns forever.

The will of Fennell authorizes his executors and their survivors to sell and dispose of all his estates and property, both real and personal, at such times and at such prices as they might deem advantageous, and authorizes them to make deeds. The will also bequeaths the proceeds of all the testator's real and personal estate to certain persons therein named.

In August, 1899, Devine, administrator, &c., by writing under seal, agreed to sell the premises in question to Eli H. Chandler, plaintiff's grantor, for $6,000, and in December, 1899, petitioned the Orphans' Court of Atlantic county for an order confirming the sale, which, upon hearing, was granted, and the administrator, &c., was ordered February 1st, 1900, to make and deliver a good and sufficient conveyance to Chandler for the premises. Devine made a deed to Chandler, dated August 5th, 1899, acknowledged May 4th, 1900, and recorded May 12th, 1900. Devine signed this deed as administrator, &c., and also as an individual, and his wife joined in the same deed. Chandler and wife, by deed dated November 4th, 1899, acknowledged November 7th, 1899, and recorded May 12th, 1900, conveyed the same premises to the plaintiff.

From this order confirming the sale and directing a conveyance, an appeal was taken to the Prerogative Court and that court annulled, reversed and set aside the order and decree of the Orphans' Court, upon the grounds that the will of Fennell was not filed in the Orphans' Court of Atlantic county until after the decree confirming the sale had been made, and that there was no jurisdiction in the Atlantic County Orphans' Court, and that that court in considering the fairness of the value of said lands took into consideration an alleged cloud upon the title thereof, and there was no evidence before the court as to the extent or validity of certain outstanding claims against said land.

The plaintiff claimed to have established its right to recover by showing this adjudication of the Prerogative Court, and that by reason of such adjudication in the language of the declaration, "the heirs of William Fennell, deceased, did against the will and protest of the plaintiff enter into and

upon the possession of the said lands, and ejected, expelled and removed the said plaintiff, and evicted the said plaintiff under the adverse paramount title insured against in said annexed policy of insurance from the possession and occupation of the whole of said lands and premises."

The policy of insurance contained the following conditions:

"1. No claim shall arise under this policy unless (1) the party insured has been actually evicted under an adverse title insured against.    *    *    *

"7. The West Jersey Title and Guaranty Company will, at its own cost defend the insured in all actions of ejectment or other proceedings founded upon a claim of title or encumbrance prior in date to this policy and thereby insured against. In case any person who has an interest in this policy should receive notice or have knowledge of any such action or proceeding, it shall be the duty of such person at once to notify the company thereof in writing, and secure it the right to defend the action. That unless the defendant should be so notified within five days after the service of the first writ, pleading or other paper in such action or proceeding, the insurance shall be void and in such defence the insured shall furnish without charge to the company such personal service and attendance as may be required in the conduct of the cause, and that this condition shall be a condition precedent."

The plaintiff averred in his declaration that the heirs of William Fennell, deceased, did, against the will and protest of the plaintiff, enter into and upon possession of the said lands, and ejected, expelled and removed the plaintiff, and evicted the plaintiff under the adverse paramount title insured against in the policy from the possession and occupation of the whole of said lands and premises, and kept and held out the plaintiff of the possession of said lands. The defendant only became liable under the second condition if the plaintiff was actually evicted under adverse title insured against. The title of the heirs of William Fennell was insured against, but the only evidence to prove the above-recited averment in the declaration and the actual eviction of the plaintiff, as provided in the second condition of the policy, was an adjudi-

cation of the Prerogative Court of New Jersey, on appeal, that an order and decree of the Orphans' Court of Atlantic county confirming the terms of the sale of the lands and premises in question, and authorizing a deed therefor by Devine, administrator *de bonis non* with the will annexed to the plaintiff's grantor, should be annulled, reversed and for nothing holden.

The Orphans' Court had no jurisdiction to determine the title to the lands conveyed by Devine. It acted only under a statutory authority conferred upon it to approve deeds made by administrators *de bonis non* with the will annexed. *Gen. Stat.*, *p.* 1429. It proceeded upon a petition by the administrator without any notice to anyone interested in the title to the lands, and without any provisions as to a hearing upon the sufficiency of title.

The adjudication of the Prerogative Court did not determine in any respect the title to the lands in question other than as to the validity of the deed from Devine to Chandler, and it merely decided that the deed was void because the statutory steps necessary to give it validity had not been taken. *In re Devine*, 17 *Dick. Ch. Rep.* 703. It left undetermined whether the legal title was in Fennell's heir-at-law, or in his heirs by descent, or by devise under the will and not subject to sale, or in Devine by deed from Roberts, or whether Devine held as trustee for Fennell's heirs or under Fennell's will, to be conveyed as therein authorized, the proceeds to be divided as therein directed.

The provisions in the seventh condition of the policy above quoted, giving the defendant the right to defend the insured in all actions of ejectment or other proceedings founded upon a claim of title, defines the meaning of "actually evicted under an adverse title insured against" to be an eviction by process of law taken under legal proceedings. To give it a less restricted meaning would be an evasion of the provisions of the seventh section as to the rights of the insured to defend upon notice given of the institution of the proceedings.

Adjudged cases in actions upon covenants of warranty of title as to what constitutes eviction are of little aid in the

determination of this case, for while in some respects the covenantor stands in like relation to the title as the defendant, yet his contract is different from that contained in the policy of insurance. The warrantor's contract is without conditions; the defendant's contract is to indemnify upon the performance of certain conditions—two and seven, above mentioned.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, SWAYZE, BOGERT, VREDENBURGH, VROOM, GRAY. 11.

*For reversal*—None.